IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JIMMY RAY WILLIS, JR.,<br><br>Defendant. | Case No. 15-MJ-219<br><br>ORDER FOR PRETRIAL DETENTION |

On the 13th day of July, 2015, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Mark C. Meyer.

## I. RELEVANT FACTS AND PROCEEDINGS

On July 7, 2015, Defendant Jimmy Ray Willis, Jr., was charged by Criminal Complaint (docket number 2) with distribution of heroin within 1,000 feet of a school. At the hearing, Officer Jared Hicks of the Cedar Rapids Police Department testified regarding the circumstances underlying the instant charge. Using a confidential informant ("CI"), authorities arranged for the controlled purchase of heroin on February 25, 2015. The CI was provided with prerecorded funds, equipped with a transmitting/recording device, and a covert video camera. The CI was dropped off at the scene by an officer, and picked up a short time later by three persons in a minivan. Defendant occupied the front passenger seat. The CI handed Defendant $70 and Defendant then said the "price is going back up to 80." The driver of the vehicle handed Defendant the suspected heroin, and Defendant then handed the substance to the CI. According to Officer Hicks, the quality of the video

is "very good" and there is "no mistake" that Defendant was the individual who gave the heroin to the CI.

The following day, February 26, officers conducted a vehicle stop on the same vehicle. Once again, Defendant was a passenger. The driver, Willie Humphrey, was searched. Authorities found $1,049, including $60 of the prerecorded funds used in the controlled buy the previous day, and additional drugs. Authorities also found several cell phones, one of which contained a "selfie" by Humphrey, showing a firearm in his lap and Defendant nearby. Defendant was also searched on February 26, but no contraband was found and Defendant was released.

According to the pretrial services report, Defendant is 37 years old. He was born and raised in Chicago. His father resides in Louisiana, his mother lives in Mississippi, and he has three sisters living in Chicago. Defendant has never been married, but has five children from three prior relationships, all of whom reside with their respective mothers in Chicago. Prior to his arrest, Defendant was living in Cedar Rapids with his fiancé, Juanita Glover. Defendant and Glover have a five-month-old son. Also living in the home were Glover's five children from prior relationships.

According to Defendant, he is recently unemployed. Prior to that time, he was a laborer for a construction company. He suffers from asthma and has been prescribed medication. He denies any history of mental illness. Defendant admitted that he has "a problem" with alcohol consumption. According to Defendant, he has consumed a fifth of hard liquor two to three times per week for most of his adult life. He last consumed alcohol on July 4, 2015. Defendant admitted using marijuana "a few times" at age 15, but denied he has used it since that time. (Defendant has been arrested for possession of cannabis on nine occasions.)

In November 1995, Defendant was charged with battery, but the disposition of that charge is unknown. In March 1996, Defendant was charged with manufacture or delivery of controlled substances. While the charge was pending, he was charged with aggravated

battery with a firearm, although the disposition of the firearm charge is unknown. Defendant received probation on the drug charge. While on probation, however, Defendant was convicted of possession of a controlled substance. On January 30, 1997, his probation was revoked on the delivery charge and he was also sentenced to three years in prison on the possession charge.

Defendant was paroled on the two drug charges in November 1997. One month later, he was charged and convicted of illegal possession of a weapon by a felon. While the weapons charge was pending, Defendant was charged with aggravated assault. Defendant's parole on the two drug charges was revoked and he received an additional two years in prison on the weapons charge.

On July 1, 1999, Defendant was paroled on all three charges. Defendant's parole was revoked again on February 14, 2000. He was paroled a third time in June 2000. While on parole, Defendant was charged with gambling, theft, and possession of cannabis. Two of the two charges were stricken from the docket with leave to reinstate and the disposition of the theft charge is unknown. Defendant was discharged from parole on June 25, 2001.

Between October 2001 and February 2003, Defendant was charged with criminal trespass to a vehicle, possession of cannabis in three separate cases. In September 2003, Defendant was charged with possession of a controlled substance and sentenced to one year in prison. He was paroled on December 24, 2003. While on parole, Defendant was charged and convicted of retail theft, and was sentenced to 90 days in jail. Defendant was also charged and convicted with 13 counts of delivery of a controlled substance. In July 2005, Defendant was sentenced to six years in prison on the new drug delivery charge. He was paroled in April 2007. While on parole, Defendant was charged in separate cases with possession of cannabis, although both charges were stricken from the docket with leave to reinstate. Defendant was discharged from parole in April 2010.

In 2011, Defendant was charged with possession of cannabis and, in a separate case, with aggravated assault. The first charge was stricken from the docket with leave to reinstate and the disposition of the second charge is unknown. In 2013, Defendant was charged and convicted in Iowa with public intoxication, disorderly conduct, interference with official acts, and disorderly conduct.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed

5

a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with distribution of heroin within 1,000 feet of a school. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending further proceedings. The weight of the evidence against Defendant is strong. The charge arises from a controlled buy of heroin, which was apparently audio recorded and videotaped. Defendant has been previously convicted of the delivery of controlled substances on two occasions, and has also received prison terms for possession of a controlled substance on two other occasions. Defendant has a history of committing additional crimes while under supervision. His probation was revoked once and his parole was revoked twice. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 13th day of July, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA